

July 25, 2024

Patricia S. Dodszuweit
Clerk of the Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:   *Ritz v. Nissan Motor Acceptance Company LLC*, No. 23-2181
      Supplemental letter under Rule 28(j)

Dear Ms. Dodszuweit:

  The Ritzes' reply brief (at 19) acknowledged that *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359 (11th Cir. 2024), held that inaccuracies must be "objectively and readily verifiable" to be actionable under the FCRA, but levied a central criticism: *Holden* "made no attempt to square its interpretation with the FCRA's text." In now urging this Court to follow *Holden*, NMAC doesn't dispute that the decision is free of any textual analysis. But that matters. As this Court has explained, the failure of a sister circuit to follow a statute's text provides a "compelling basis" to reach a different result. *Parker v. Montgomery Cnty. Corr. Facility/Bus. Off. Manager*, 870 F.3d 144, 152 (3d Cir. 2017). And that's especially warranted when another circuit has already reached the opposite conclusion. *See Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022).

  *Belair v. Holiday Inn Club Vacations Inc.*, 2024 WL 3451454 (11th Cir. July 18, 2024), adds nothing. It simply applied *Holden* to the same claim brought by a different plaintiff. *Id.* at *1.

  And contrary to NMAC's suggestion, the Eleventh Circuit's observation that consumers can still seek a declaratory judgment to tee up an FCRA claim doesn't provide a reason to follow *Holden*'s atextual interpretation. Declaratory judgments have always been available, but Congress passed the FCRA because they are inadequate to protect consumers injured by inaccurate reporting. It would make little sense for Congress to nonetheless enact a regime that tacitly requires plaintiffs obtain a declaratory judgment anyway.

  *Holden* and *Belair* do not warrant affirmance for a second reason. In those cases, the contract dispute was—as NMAC recognizes in calling it "nuanced"—subject to reasonable disagreement and had yielded "conflicting conclusions" in Florida courts. *Holden*, 98 F.4th at 1368. Here, by contrast, NMAC offers only a tortured reading of its

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741   F 202 888 7792
guptawessler.com

 *Issues & Appeals*

contract to support its credit reporting, Reply Br. at 21–23, and it failed to even put forth evidence—as was its burden at summary judgment—to show that it satisfied that self-serving interpretation, Reply Br. at 24–25. The Ritzes' claim therefore survives NMAC's preferred test, too.

Respectfully submitted,

*/s/ Robert D. Friedman*
Robert D. Friedman
*Counsel for Plaintiffs-Appellants*

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741    F 202 888 7792
guptawessler.com