# McGuireWoods

McGuireWoods LLP
888 16th Street
N.W. Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

Grace Greene Simmons
Direct: 202.828.2833
gsimmons@mcguirewoods.com
Fax: 202.828.3303

October 7, 2024

**VIA CM/ECF**
Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re:  Response to Rule 28(j) Letter, *Ritz v. Nissan Motor Acceptance Company LLC*, No. 23-2181

Dear Clerk Dodszuweit:

The Ritzes have filed a 28(j) letter to cite a nine-year-old case already noted in NMAC's brief. *See* Br. 27. That decision, *Wright v. Experian Info. Sols.*, 805 F.3d 1232 (10th Cir. 2015), supports NMAC's position in this case, as it affirms that FCRA's dispute mechanism does not demand investigation of nuanced legal disputes.

In *Wright*, a consumer sued credit reporting agencies for listing a tax lien on his credit report. 805 F.3d at 1234-35. The Tenth Circuit held that the agencies had sufficiently investigated the consumer's dispute and explained that FCRA "does not require CRAs to resolve legal disputes about the validity of the underlying debts they report." *Id.* at 1242. Dissenting in part, Judge Bacharach did not contest this principle of law but would have allowed a factual dispute about the lien notice to go to the jury, on the basis that a reasonable jury could have found that an ambiguity in the notice meant that the lien could not be factually verified and so should have been deleted. *Id.* at 1245-49.

Citing Judge Bacharach's dissent, the Ritzes argue that the proper test under FCRA cannot be whether the disputed information is objectively-and-

readily verifiable because FCRA provides that disputed information should be deleted if it "cannot be verified." 15 U.S.C. § 1681s-2(b)(1)(E). But the Ritzes misunderstand the objectively-and-readily-verifiable framework. Furnishers do not have an obligation to resolve disputes of the *type* that aren't verifiable, namely, complex legal questions. But if there is a *verifiable* dispute that, for some reason or another, cannot be verified, then the furnisher is obliged to remove that information. *See* NMAC Br. 16-19. Envision a report that a tenant owes $500 to her landlord for a replacement stove, but the landlord cannot produce the invoice for the stove. That is an objectively verifiable dispute that cannot be verified. *See Roberts v. Carter Young*, No. 23-1911, Oral Arg. Recording 42:01-44:10 (4th Cir. Sept. 25, 2024). Judge Bacharach's fact-bound dissent was concerned with such a scenario—not a nuanced legal dispute like the one at issue here between the Ritzes and NMAC.

                                                 Sincerely,

                                        */s/ Grace Greene Simmons*
                                        Grace Greene Simmons

CC: All counsel of record (via CM/ECF)

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 7, 2024, the foregoing was filed with the Clerk of the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system, which will also serve counsel of record.

                                          */s/ Grace Greene Simmons*
                                          Grace Greene Simmons