**McGuireWoods LLP**
888 16th Street
N.W. Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Grace Greene Simmons**
Direct: 202.828.2833
gsimmons@mcguirewoods.com
Fax: 202.828.3303

March 18, 2025

**VIA CM/ECF**
Patricia S. Dodszuweit, Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re: Rule 28(j) Letter, *Ritz v. Nissan Motor Acceptance Company LLC,* No. 23-2181

Dear Clerk Dodszuweit:

Appellee NMAC writes to draw the Court's attention to *Roberts v. Carter-Young*, ___ F.4th ___, No. 23-1911 (4th Cir. Mar. 14, 2025) (Ex. 1).

In *Roberts*, the Fourth Circuit joined the Second and Eleventh Circuits in holding that, for a furnisher to be liable for failing to reasonably investigate, the purported inaccuracy must be "objectively and readily verifiable." Op. at 3. **Objectively**, as "accuracy involves an objective inquiry." *Id.* at 14. And **readily**, as "[f]urnishers are not tribunals," and "[t]hey have neither the resources nor the expertise to conduct the level of investigation that takes place in judicial proceedings or to make the kinds of determinations about disputes that courts make." *Id.* at 15.

A dispute is not objectively and readily verifiable, the Fourth Circuit explained, if it "involves complex fact-gathering and in-depth legal analysis of the sort that courts would typically perform," or "implicates unsettled questions of law and requires credibility determinations and quasi-discovery," or "include[s] claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions—such as claims of fraud or retaliation." *Id.*

      That is the type of dispute here. And unlike in *Roberts*, there is no need to vacate and remand for the District Court to apply this standard. In *Roberts*, the parties disputed whether a landlord actually made the repairs billed the plaintiff—something *that might be* objectively and readily verifiable. Op. at 8-9. The Fourth Circuit remanded for the district court "to parse Roberts' complaint" in applying this new standard. *Id.* at 17-18. No additional parsing is required here. As the District Court recognized in thoroughly combing through the record, the contract dispute between the Ritzes and NMAC— "turn[ing] on interpretations of 'possession' and 'return' under the lease" and "replete with arguments that oft appear in breach-of-contract actions"—could "only be resolved by a court of law"—the very definition of a dispute that is not readily or objectively verifiable. JA11. Indeed, in reply, the Ritzes never asked for a remand but instead urged this Court to adopt their definition of the lease agreement. Ritzes' Reply 20-25.

                                              Sincerely,

                                          */s/ Grace Greene Simmons*
                                          Grace Greene Simmons

CC: All counsel of record (via CM/ECF)

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, the foregoing was filed with the Clerk of the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system, which will also serve counsel of record.

*/s/ Grace Greene Simmons*
Grace Greene Simmons